IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-00609-MSK-MEH

WHEELABRATOR GROUP, INC., a Delaware corporation,
WHEELABRATOR GROUP (CANADA) LTD., a corporation organized and existing under the laws of Ontario,

      Plaintiffs,

v.

METCAST, INC., a Wisconsin corporation,
JCP METCAST, INC., a Wisconsin corporation,
CARL PANZENHAGEN, an individual,

      Defendants.

## ORDER DENYING REQUEST FOR RESTRAINING ORDER, AND DIRECTING THE DEFENDANTS TO RESPOND TO THE MOTION FOR PRELIMINARY INJUNCTION

THIS MATTER comes before the Court on the Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction **(#2)**. Having considered the same, the Court **FINDS** and **CONCLUDES** that:

The Plaintiffs assert claims against the Defendants for breach of contract, violation of the Colorado Uniform Trade Secrets Act, and common law conversion. They allege that the Defendants have violated non-competition and other provisions in three separate contracts by selling "surface preparation equipment" and by using the Plaintiffs' customer lists. The Plaintiffs ask the Court to issue a temporary restraining order and a preliminary injunction prohibiting the Defendants from selling products which compete with the Plaintiffs' products, and from using customer information.

A motion for a temporary restraining order is governed by Fed. R. Civ. P. 65(b), which provides in relevant part:

> (b) Temporary Restraining Order.
> (1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

A temporary restraining order is an extraordinary remedy, and should only issue where it is necessary to "preserv[e] the status quo and preven[t] irreparable injury just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Int'l. Brotherhood of Teamsters,* 415 U.S. 423, 438-39 (1974). As an *ex parte* remedy, a temporary restraining order is appropriate only in a handful of situations – for example, where "notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing," or where "notice to the defendant would render fruitless the further prosecution of the action." *Reno Air Racing Assn. v. McCord,* 452 F.3d 1126, 1130-31 (9th Cir. 2006).

To obtain preliminary injunctive relief, the moving party must demonstrate: (1) a substantial likelihood that it will eventually prevail on the merits; (2) a showing that it will suffer irreparable injury unless the injunction issues; (3) proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) a

showing that the injunction, if issued, would not be adverse to the public interest. *See Autoskill Inc. v. National Educational Support Systems, Inc.,* 994 F.2d 1476, 1487 (10th Cir. 1993). If the latter three factors "tip strongly" in the movant's favor, then "the test is modified, and the [movant] may meet the requirement for showing success on the merits by showing that questions going to the merits are so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation." *Greater Yellowstone Coalition v. Flowers*, 321 F.3d 1250, 1255-56 (10th Cir. 2003) (internal quotes and cite omitted).

The Court treats the motion as one without notice to the Defendants. In the "Information for Temporary Restraining Order", the Plaintiffs state that a copy of the motion was provided to the Defendants' attorney. However, the Court cannot presume that the Defendants have received notice of the instant motion where there has been no formal service of the Complaint, summons, or motion, nor entry of an appearance by defense counsel.

The Court denies this request for a temporary restraining order, for several reasons. First, the allegations in the Complaint are insufficient to demonstrate that the Court has subject matter jurisdiction. The Plaintiffs invoke the Court's jurisdiction under 28 U.S.C. § 1332. Several of the parties are corporations and are deemed to reside both in their states of incorporation and where they keep a "principal place of business." There are allegations as to the locations of the Plaintiffs' headquarters and Defendants' offices, but these do not suffice to demonstrate either the parties' "principal places of business" or their citizenship. From the face of the Complaint, the Court cannot determine that the parties are completely diverse.

Second, the exhibits in support of the Plaintiffs' motion include the three contracts on which their breach of contract claims are based. Each contract contains precisely the same

arbitration clause: "Any dispute arising out of or relating to this Agreement, including its validity, interpretation, application, scope, enforceability, performance, breach, and termination, shall be resolved exclusively and finally by arbitration. . . ." None of the arbitration clauses contains an exception which allows parties to sue for injunctive relief in any court, and the contracts appear to contain no such provision.

The Plaintiffs have cited to two Colorado state court cases and a Colorado statute for the proposition that this Court can grant temporary injunctive relief notwithstanding the agreement to submit claims to arbitration. *See Hughley v. Rocky Mountain Health Maintenance Org., Inc.,* 927 P.2d 1325 (Colo. 1996); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. District Court,* 672 P.2d 1015 (Colo. 1983); § 13-22-208, C.R.S. However, neither case involved an arbitration clause selecting arbitration as the exclusive forum for resolving disputes. The statute, § 13-22-208, C.R.S., allows a state court to issue injunctive relief "[b]efore an arbitrator is appointed and is authorized and able to act[,]" but assigns this task to the arbitrator after appointment. The Plaintiffs represent that they will seek damages in arbitration, but it is not clear whether they have commenced separate arbitration proceedings at this juncture or whether an arbitrator has been appointed.

Finally, it is unclear from the Plaintiffs' motion why the Court should order injunctive relief before the Defendants can be heard in opposition. According to the motion and supporting affidavits, the Plaintiffs have known since February 14, 2008, that the Defendants were terminating their contractual relationship. They also claim that Defendant Panzenhagen told them on February 21, 2008, that he would be working with a competitor "sooner or later." They point to the single sale of a competitor's equipment by the Defendants in support of their claim of

4

irreparable harm, but state that such sale occurred more than 10 days ago. They also contend that they learned almost two weeks ago that the Defendants were promoting other competing products.

Because the Court's subject matter jurisdiction and authority to issue an injunction are not apparent,

**IT IS ORDERED** that:

(1) The Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction **(#2)** is **DENIED** in part and **RESERVED** in part. The Court denies the Plaintiffs' request for issuance of a temporary restraining order. The Court reserves ruling on the Plaintiffs' request for issuance of a preliminary injunction.

(2) The Plaintiffs shall serve the Complaint, along with a summons, a copy of their Motion **(#2)**, and this Order, on the Defendants within 10 days of this Order.

(3) Within 10 days of service of the summons, Complaint, Motion and this Order, the Defendants shall file a response to the Motion **(#2)**.

(4) A hearing is set on the law and motion calendar of Judge Marcia S. Krieger on **April 3, 2008 at 10:00 a.m.** in the United States District Court for the District of Colorado, Courtroom A901, 9th Floor, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado. Counsel shall *bring their calendars*. The parties shall be prepared to address: (a) whether the Court has subject matter jurisdiction; and (b) whether the Court should have a hearing on the Motion for Preliminary Injunction, and if so, whether such hearing should be consolidated with a trial on the merits. Counsel may appear at this hearing by telephone. To appear telephonically, counsel and any *pro se* parties shall contact the Courtroom Deputy at **303-335-2185** no later than

two court days before the hearing to make arrangements.

Dated this 25th day of March, 2008

**BY THE COURT:**

_Marcia S. Krieger_

Marcia S. Krieger
United States District Judge